BRANDON KELLY v. THE STATE

No. 364.   Decided April 13, 1910.

**1.—Local Option—Certiorari—Original Information.**

Where, upon appeal from a conviction of a violation of the local option law, appellant filed his motion for a writ of certiorari, alleging that the file mark on the original information was different from the file mark contained in the record, and that the latter was incorrect, the motion was granted.

**2.—Same—File Mark—Change—Want of Notice—Filing.**

Where, upon trial of a violation of the local option law, it appeared of record on appeal that the file mark on the original information had been changed by the county attorney without notice to the defendant or the court, and such filing was material as it related to the date of the offense, the same was reversible error, although the county attorney had done so innocently.

**3.—Same—Substitution of Information—Complaint.**

Where the county attorney was granted permission to substitute the information, which had been. lost, and that he thereupon substituted not only the information but also the complaint, for which there was no motion to substitute, there was no authority for the substitution of the complaint; and without a complaint no information could be filed.

Appeal from the County Court of Titus. Tried below before the Hon. W. E. Riddle.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $30 and twenty days confinement in the county jail.

The opinion states the case.

*Rolston & Ward,* for appellant.—On question of want of notice of substituting complaint and information: Strong v. State, 18 Texas Crim. App., 19; Carroll v. State, 56 Texas Crim. Rep., 78, 118 S. W. Rep., 1031; Kennedy v. State, 22 Texas Crim. App., 693; State. v. Eubanks, 41 Texas, 291; Clampitt v. State, 3 Texas Crim. App., 638; Turner v. State, 7 Texas Crim. App., 596; Rogers v. State, 11 Texas Crim. App., 608; Magee v. State, 14 Texas Crim. App., 366; Birdall v. State, 19 Texas Crim. App., 262; Graham v. State, 43 Texas, 550.

*John A. Mobley,* Assistant Attorney-General, for the State.

McCORD, Judge.—This is an appeal from a conviction for violating the local option law with a penalty of $30 fine and twenty days confinement in the county jail.

On the 11th day of December, 1909, appellant filed a motion for a writ of certiorari in this court to bring up the original information and complaint filed in the court below, alleging that the original information and complaint would show that originally they bore the file mark of the 3d day of April, 1909, while the file marks in the record on file in this court showed the information and complaint to bear the file marks of June 3, 1909, and that the file marks as contained in the record were incorrect. This court granted the writ and we have now before us the original complaint and original information, as substituted in the court below. It seems that the original information and complaint were lost and the county attorney made a motion to substitute these papers in the court below. This motion was granted and the papers substituted. Appended to appellant's motion for writ of certiorari is the affidavit of J. A. Ward, which sets forth that when the cause was called for trial the substituted information and complaint bore the file mark of the 3d day of April, 1909, and alleged the commission of the offense on the 17th day of April, 1909, and on the trial of the case and after the conviction of the appellant, appellant filed a motion in arrest of judgment and motion for new trial, on the ground that the information and complaint bear the file mark of the 3d day of April, 1909, alleging the commission of the offense on the 17th day of April, 1909. He further states in said affidavit that since the adjournment of the County Court the file mark on the back of the said information and attached complaint were changed by erasing or running a pen line through the word "April" and writing above it the word "June," and thereby so changed the file mark on said information and attached complaint as to show

that the information was filed on the 3d day of June, 1909. He further states that this change was made after the filing of the motion in arrest of judgment without the knowledge or consent of the appellant, and that appellant's attention had not been called to said change and that he, appellant's counsel, did not know of the said change having been made until he came to prepare the brief for the appellant in this case. He further states in the affidavit that he, affiant, made inquiry of A. S. Mitchell, county clerk of said county, who informed him that he, the clerk, either changed the date at the request of the county attorney, or that the county attorney had changed it; and further stated that his recollection was that the county attorney had changed the same, but that he, the clerk, knew of it and that the county attorney had told him, the clerk, he was going to change it and that he did change it. The county attorney makes an affidavit and sets up that the information is a substituted information, the original being lost and that the original information was filed in June, according to the file mark on said substituted information; that said information was first marked filed in June and that it showed that file mark, but when he read the information to the jury on the trial of the case it occurred to him that the original had been filed in April, and that he, while before the jury, without any order or authority from the court changed the file mark, making it show April instead of June, but the proof showed that June was correct and that when the clerk made up the transcript he had the clerk to make it show June instead of April. It may be stated that there is no difference between the counsel for appellant and the county attorney as to a change being made and this without notice and without authority or permission from the court. There is some difference as to the details, but that is immaterial. After a paper is once filed in the court no one has the authority to change or alter the paper and to alter it amounts to a mutilation. Article 470, Code of Criminal Procedure, provides that, "When an indictment or information has been lost, mislaid, mutilated or obliterated, the district or county attorney may suggest the fact to the court, and in such case another indictment or information may be substituted," etc. In the case of Huff v. State, 23 Texas Crim. App., 291, it was held that the alteration of a date in a complaint is mutilation of both the complaint and the information, and the proper remedy would be the substitution of both the complaint and the information. So in this case, the change of the date was a mutilation of a filed paper. The county attorney had no authority to make such change, and such change practically destroys the information and complaint, and for this reason the case will have to be reversed. The record, however, excludes the idea that the county attorney intended to do anything wrong, and his act was but an innocent mistake.

It is also suggested by counsel and was made ground of the motion for new trial in the court below, and complained of as error here, that

the State, through her county attorney, made a motion to substitute the information and that the court below granted the State's motion and substituted the information. The bill of exceptions discloses that the county attorney not only substituted the information, but the complaint. There was no motion made by the State for the substitution of the complaint, nor did the order of the court below authorize the substitution of the complaint. This ground of the motion, we think, was well taken, there was no complaint before the court, and without a complaint there could be no information filed in the court below.

For the errors indicated the judgment is reversed and the cause is remanded.

*Reversed and remanded.*